UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DINARA M. STORFER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ANNE DWELLE, an individual;<br>ROBERT WAKEFIELD, an individual;<br>WAFEFIELD & DWELLE, PLLC, an<br>Idaho professional limited liability<br>company,<br><br>Defendant. | Case No. 3:12-CV-00496-EJL<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**INTRODUCTION**

Plaintiff, Dinara M. Storfer, alleges causes of action against Defendants, Anne

Dwelle, Robert Wakefield, and Wakefield & Dwelle, PLLC ("Defendants"). On October

26, 2012, Defendants filed a Motion to Dismiss Without Prejudice, or in the Alternative

to Stay Proceedings and to Strike. (Dkt. 9-1). The Motion is now ripe. Having fully

reviewed the record, the Court finds that the facts and legal arguments are adequately

presented in the briefs and record. Accordingly, in the interest of avoiding further delay,

and because the Court conclusively finds that the decisional process would not be

significantly aided by oral argument, this matter shall be decided on the record before this court without oral argument.

## BACKGROUND

On June 15, 2011, Plaintiff filed a now pending Idaho state court action against her ex-husband, Jeffrey Kline, titled *Dinara M. Storfer v. Jeffrey J. Kline*, Case No. CV-2011-616 (Latah County, Idaho). The state Complaint (Dkt. 9-3) alleges Mr. Kline and Defendants committed fraud upon the Idaho magistrate court relating to the dissolution of a living trust and of Plaintiff's marriage. To date, the state court action has proceeded only so far as Notice of Service.

On September 24, 2012, Plaintiff initiated this separate federal action against the Defendants. (Dkt. 1). The claims brought by Plaintiff relate to alleged professional attorney negligence. The action arises under similar circumstances to the state court proceeding. Specifically, the legal advice and representation by Defendants in connection with Plaintiff's divorce proceedings with Mr. Kline.

## DISCUSSION

### A.     Motion to Dismiss

Defendants request the Court to dismiss this action without prejudice for failure to state a claim upon which relief may be granted. A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Rule 8(a) sets forth minimum pleading

Memorandum Decision and Order- 2

rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. *See Jacobsen v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). There are, however, times when documents other than the pleadings can be considered without converting a

Memorandum Decision and Order- 3

motion to dismiss into a motion for summary judgment. *See Branch*, 14 F.3d at 453. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Id.*

In this case, Defendants argue for dismissal without prejudice because the claims raised in the action are not yet ripe for determination. Ripeness concerns the timing of a suit and asks whether a case arises too early. *See Colwell v. Dept. of Health and Human Serv.*, 558 F.2d 1112, 1123 (9th Cir. 2009).  Like standing, the doctrine of ripeness derives from the Article III requirement that courts decide only cases and controversies. *Pac. Legal Found. v. State Energy Res. Conservation & Dev. Comm'n*, 659 F.2d 903 (9th Cir. 1981). The doctrine "is drawn from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.,* 509 U.S. 43, 57 n. 18 (1993). The Supreme Court has held that ripeness is designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967).

Here, Defendants allege that Plaintiff's claims against Defendants are not ripe because Plaintiff's divorce remains in litigation and the property settlement is subject to reapportionment. Defendants argue that Plaintiff must wait until the state proceeding concludes before bringing this action. While an issue of double recovery may arise in the

Memorandum Decision and Order- 4

future, Plaintiff argues she is in a proper position, at this time in the litigation, to articulate damages suffered from Defendants' legal representation.

The elements of legal malpractice, all of which must be in hand for an action to accrue, are "(a) the existence of an attorney-client relationship; (b) the existence of a duty on the part of the lawyer; (c) failure to perform the duty; and (d) the negligence of the lawyer must have been a proximate cause of the damage to the client." *Harrigfeld v. Hancock*, 140 Idaho 134, 136, 90 P.3d 884, 885 (2004) (quoting *Sherry v. Diercks*, 29 Wn. App. 433, 437, 628 P.2d 1336, 1338 (1981) (citations omitted).  Plaintiff has sufficiently alleged enough facts to state a claim of legal malpractice that has accrued and is plausible on its face. Plaintiff does not have to wait until the state action concludes because this action has already accrued. Thus, Plaintiff has not brought this suit prematurely and the matter is ripe for determination.

Next, Defendants argue that if Plaintiff prevails in the state court action then Plaintiff did not suffer damages as a result of Defendants' conduct and the matter will, therefore, be moot. Conversely, the matter will be conclusively litigated if Plaintiff wholly fails in state court. An issue is moot if it does not present an actual and substantial controversy that is capable of being concluded through judicial decree or specific relief. *See Foster v.* Carson, 347 F.3d 742, 745 (9th Cir. 2003). Thus, an issue is moot if a favorable judicial decision would not result in any relief or the party lacks a legally cognizable interest in the outcome. *See id.*

Memorandum Decision and Order- 5

Plaintiff alleges claims against the Defendants for legal malpractice, not fraud as in the state court action. The four necessary elements for a legal malpractice claim, *supra*, differ from that of a fraud claim. "Nine elements must be proved to sustain an action for fraud: (1) a statement of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent to induce reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) the hearer's right to rely; and (9) consequent and proximate injury." *Cnty. Cove Dev., Inc. v. May*, 143 Idaho 595 (2006) (quoting *Lettunich v. Key Bank Nat'l Ass'n*, 141 Idaho 362, 368 (2005)).  Thus, if Plaintiff is not successful in state court on the fraud claim, that is not determinative of the damages that Defendants may be liable for should Plaintiff prevail in her legal malpractice claim.

Further, as stated above, while there may be an issue of double recovery should Plaintiff succeed in state court, that success would not entirely relieve Defendants from Plaintiff's claim of legal malpractice in this matter. It might reduce damages Plaintiff can claim but does not eliminate all of Plaintiff's damages. Thus, Plaintiff's claims against Defendants are not moot and Defendants' Motion to Dismiss Without Prejudice should be denied.

Memorandum Decision and Order- 6

B.     **Motion to Stay**

Alternatively to dismissal, Defendants argue that this action ought to be stayed until the state court action concludes. In opposition, Plaintiff argues that this Court has a "virtually unflagging obligation" to exercise jurisdiction where it exists. The Court must consider the necessary stay factors and determine whether judicial economy and efficiency are satisfied when ruling on a motion to stay. *See Green v. Gravatt*, 35 F. Supp. 491, 493 (D. Pa. 1940).

This Court has the inherent power to stay proceedings to encourage economy of time and effort for the court, and the parties involved. *Id*. However, abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). A district court may invoke *Colorado River* deference to a state court proceeding only under exceptional circumstances. *Hume v. Bankhead*, 108 F.3d 1385 (9th Cir. 1997) (citing *Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1367-68 (9th Cir. 1990).

Whether exceptional circumstances exist depends upon a consideration of six factors: whether (1) federal deference will avoid piecemeal litigation; (2) the state court obtained jurisdiction first; (3) state or federal law controls; (4) the state proceedings will adequately protect the parties' rights; (5) the state and federal proceedings are substantially similar; and (6) the plaintiff is forum shopping. *See Colo. River*, 424 U.S. at 817; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983). These factors are to be applied in a flexible way, as part of a balancing process rather than

Memorandum Decision and Order- 7

as a strict checklist. *Am Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988).

In this case, the relevant factors support a determination to deny the requested stay. First, the similar circumstances that give rise to the concurrent proceedings present a danger of piecemeal litigation. While Plaintiff does have the right to bring separate actions, the Court finds it curious why the concurrent state action does not include Defendants. The Court is concerned that exercising jurisdiction in federal court would potentially render two different verdicts when a global resolution would be the better result for all parties.

Second, the Plaintiff filed the state court complaint over a year before this federal action.  Further, the claims raised by Plaintiff are purely based in Idaho common law. Third, after reviewing the pleadings in both actions, the common law claims at issue arise from substantially similar circumstances, but the basis for relief differs significantly. Plaintiff claims fraud by her ex-husband in the state court proceeding and legal malpractice against her attorneys in federal court.  Specifically, at issue in the federal case is whether the legal advice and representation by Defendants in connection with Plaintiff's divorce proceedings with Mr. Kline rose to the level of legal malpractice.

Fourth, the state court cannot adequately protect Plaintiff's rights in the legal malpractice action since Defendants are not parties in the state court action. Further, the state court action is not proceeding in a timely manner. Finally, while there is no indication that Plaintiff is forum shopping, the threat of different (though not inconsistent)

Memorandum Decision and Order- 8

judgments on the different causes of action does not justify staying the federal litigation. The Court is interested in promoting justice and judicial efficiency. For, eventually, justice delayed is justice denied. Therefore, the Court finds that in considering all of the factors, the balance of the factors weighs in favor of denying the motion to stay.

### C. Motion to Strike

Finally, Defendants argue that numerous allegations of the Complaint ought to be stricken. Specifically, Defendants request that paragraphs 7 through 31 of the Complaint, Dkt. 1, be stricken as wholly irrelevant to the claims being advanced by Plaintiff.

"The court may strike from a pleading any … redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are generally viewed with disfavor and are not frequently granted. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

Further, courts must view the pleadings under attack in the light most favorable to the pleader. *State of Cal. ex rel. State Lands Comm'n v. U.S.*, 512 F. Supp. 36, 39 (N.D. Cal. 1981). Rule 12(f) motions "are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Thus, courts

freely grant leave to amend stricken pleadings unless it would prejudice the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2).

In this case, Defendants request the Court to strike paragraphs 7 through 31 because these allegations relate to Plaintiff's personal history and background, and to the family history and relations of Plaintiff and her ex-husband. In response, Plaintiff argues that the paragraphs are necessary and relevant as part of the larger background that culminated in the negligence claims asserted. Viewing the paragraphs under attack in the light most favorable to Plaintiff, the Court finds that it is not clear that the allegations made in paragraphs 7 through 31 could have no possible bearing on the subject matter of the litigation. Thus, Defendant's 12(f) Motion to Strike is DENIED.

## ORDER

**IT IS ORDERED:**

1.      Defendants' Motion to Dismiss (Dkt. 9) is **DENIED.**

2.      Defendants' Motion to Stay (Dkt. 9) is **DENIED.**  The Court will issue a separate Scheduling Order in this matter to keep the litigation moving forward.

3.      Defendants' Motion to Strike (Dkt. 9) is **DENIED.**

DATED:  **August 2, 2013**

Honorable Edward J. Lodge
U. S. District Judge